UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BAHIR SMITH,** on behalf of himself and all others similarly situated ) ) ) ) | |
| **Plaintiff,** ) vs. ) ) | C.A. No. 09-6007 |
| **HIRERIGHT SOLUTIONS, INC., and USIS COMMERCIAL SERVICES, INC.,** ) ) ) | CLASS ACTION |
| **Defendants.** ) ) | |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED that said Motion is DENIED.

_____     _____
                                    Ronald L. Buckwalter, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BAHIR SMITH,**<br>**on behalf of himself and all others**<br>**similarly situated**<br><br>　　　　　　**Plaintiff,**<br>　vs.<br><br>**HIRERIGHT SOLUTIONS, INC., and**<br>**USIS COMMERCIAL SERVICES, INC.,**<br><br>　　　　　　**Defendants.** | C.A. No. 09-6007<br><br>**CLASS ACTION** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

Plaintiff Bahir Smith, by and through his undersigned counsel, hereby opposes the Motion to Transfer Pursuant to 28 U.S.C. § 1404 filed by Defendants HireRight Solutions, Inc. and USIS Commercial Services, Inc.  For the reasons set forth in the accompanying Memorandum of Law, Defendants' Motion should be denied.

Dated: May 14, 2010　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**COMMUNITY LEGAL SERVICES, INC.**
　　　　　　　　　　　　　　　　　　　　　　Sharon M. Dietrich
　　　　　　　　　　　　　　　　　　　　　　Janet Ginzberg
　　　　　　　　　　　　　　　　　　　　　　1424 Chestnut Street
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19102
　　　　　　　　　　　　　　　　　　　　　　215-981-3700

　　　　　　　　　　　　　　　　　　　　　　**DONOVAN SEARLES, LLC**

　　　　　　　　　　　　　By:　　*s/ David A. Searles*_____
　　　　　　　　　　　　　　　　　　David A. Searles
　　　　　　　　　　　　　　　　　　1845 Walnut Street, Suite 1100
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
 Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following:

> Robert C. Drake
> William J. Simmons
> L<small>ITTLER</small> M<small>ENDELSON</small>, P.C.
> Three Parkway
> 1601 Cherry Street, Suite 1400
> Philadelphia, PA 19102

Dated: May 14, 2010                             *s/ David A. Searles*
                                                David A. Searles

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BAHIR SMITH,** )<br>on behalf of himself and all others )<br>similarly situated )<br>)<br>               **Plaintiff,** )<br>   **v.** )<br>)<br>**HIRERIGHT SOLUTIONS, INC., and** )<br>**USIS COMMERCIAL SERVICES, INC.,** )<br>)<br>               **Defendants.** )<br>) | **C.A. No. 09-6007**<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

**I.    INTRODUCTION**

Defendants HireRight Solutions, Inc. and USIS Commercial Services, Inc. perform background checks and sell those reports to prospective employers throughout the nation. As such, their reports have a considerable impact on job applicants who reside in every one of the fifty states. Employing a tactic of basic unfairness, Defendants now contend that the consumers who object to the misinformation contained in the reports and want to challenge it, must travel to Tulsa, Oklahoma to do so. But simply setting up a business in one state does not mean that all lawsuits must be brought there.

Defendants are no strangers to litigation, and have been sued on multiple occasions. Ironically, however, this case, and a related case in this Court, appear to be the first time that they have sought such a transfer. A random sampling of recent cases brought against Defendants in federal districts around the country demonstrates that in not one did Defendants seek to

transfer the case to Oklahoma, or anywhere else.[1]  There is no principled reason why this case should be any different.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

This case commenced with the filing of a Class Action Complaint on December 18, 2009 by Plaintiff Bahir Smith on behalf of a class of similarly situated persons.  The Complaint asserts that the Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), by selling to prospective employers prejudicial, misleading and inaccurate background reports on applicants for employment.

Defendants immediately moved to dismiss Plaintiff's Complaint for failure to state a claim under the FCRA.  (Doc. 10).  Plaintiff opposed that Motion and Defendants filed a reply brief.  (Docs. 17, 20).  On May 12, 2010, the Court denied the Motion and ordered Defendants to file an Answer to the Complaint within fourteen days.  (Docs. 21, 22).

Plaintiff also moved for an extension of time to move for class certification, and the Court granted that motion.  (Doc. 11).  Most recently, Defendants have filed the subject Motion to Transfer Pursuant to 28 U.S.C. § 1404, requesting that this matter be transferred to their home state of Oklahoma.  (Doc. 19).

---

[1]     *See Ryals v. Hireright Solutions, Inc.*, C.A. No. 09-00625 (E.D. Va.); *Perry v. Eagle Express Lines, Inc.*, C.A. No. 09-06781 (N.D. Ill.); *Schelhaus v. Sears Holdings Corporation*, C.A. No. 09-01145 (M.D. Md.); *Lewis v. Hireright Solutions Inc.*, C.A. No. 09-00351 (C.D. Ca.); *Pierson v. USIS Commercial Services Inc.*, C.A. No. 09-00743 (S.D. Ohio); *Johnson v. USIS Commercial Services Inc.*, C.A. No. 09-00776, (S.D. Ohio); *Palladino v. USIS Commercial Services, Inc.,* C.A. No. 09-00279 (W.D. Pa.); *Workman v. US Investigations Services, LLC*, C.A. No. 07-00458 (S.D. W.Va.); *Wood v. USIS Commercial Services, Inc.*, C.A. No. 09-01310 (E.D. Pa.); *Drexler v. USIS Commercial Services, Inc.*, C.A. No. 06-01510 (N.D. Ill.); *Garcia v. USIS Commercial Services, Inc.*, C.A. No. 08-01710 (N.D. Ill.); *Hall v. USIS Commercial Services Inc.*, C.A. No. 08-01870 (N.D. Ohio); *Bright v. USIS Commercial Services Inc.*, C.A. No. 08-01870 (D. Ma.); *Wallace Davis v. US Investigation Services LLC*, C.A. No. 09-10436 (E.D. Mich.); *Brooks v. Transcontinental Systems, Inc.*, C.A. No. 09-11787 (E.D. Mich.); *Couillard v. USIS*, C.A. No. 05-1885 (E.D. Pa.).

The relevant facts alleged in the Complaint[2] were discussed in Plaintiff's opposition to the motion to dismiss, Doc. 17, as well as the Court's Memorandum, Doc. 21, and need not be repeated at length here. In essence, Mr. Smith alleges, on behalf of himself and other consumer employment applicants, that Defendants committed willful violations of the FCRA by selling inaccurate, deceptive and misleading criminal background reports to prospective employers. In particular, the Complaint alleges that Defendants follow a common policy and practice of reporting a single incident multiple times, so that the individual's criminal record history appears much more serious than it actually is. Complaint, ¶ 14.

With the exception of the other case that is also pending before this Court,[3] the instant case is the only one of which counsel are aware that challenges such conduct by the Defendants, and Defendants themselves cite no other such cases in their Motion to Transfer.

## III. ARGUMENT

### A. The Legal Standard

28 U.S.C. § 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might have been brought.

---

[2]  In considering a motion to transfer venue, a court must accept as true the allegations in the Complaint. *Andrade v. Chase Home Fin., LLC,* 2005 WL 3436400, *2 (N.D. Ill. Dec.12, 2005) ("When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant."); *Fellner v. Philadelphia Toboggan Coasters, Inc.,* 2005 WL 2660351, *1 (E.D. Pa. Oct. 18, 2005) ("In considering a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), the court must generally accept as true the allegations in the complaint.").

[3]  *See Henderson v. HireRight Solutions, Inc*., C.A. No. 10-459 (E.D. Pa.), also assigned to the Honorable Ronald L. Buckwalter. The plaintiff in *Henderson* alleges similar violations of the FCRA arising from another practice of the Defendants: reporting criminal record information that has been expunged or otherwise removed from public view, to prospective employers. Defendants have filed an identical Motion to Transfer in *Henderson*.

3

The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense' " *Van Dusen v. Barrack,* 376 U.S. 612 (1964), *quoting Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26-27 (1960). Analyses of transfers under section 1404(a) are "flexible and must be made on the unique facts of each case." *Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 227 (D.N.J. 1996).  Although section 1404(a) gives a district court the discretion to decide a motion based on an individualized case by case basis consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1987).

In ruling on a motion to transfer, the district court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879, 883 (3d Cir.1995) (granting transfer primarily because of "substantial consideration" due to the forum selection clause); *Ayling v. Travelers Property Casualty Corp*., 1999 WL 994403 (E.D. Pa Oct. 28, 1999) (Buckwalter, J.).  The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district.  If the first prong of the inquiry is satisfied, the court then should determine whether a transfer would be in the interests of justice. *Jumara,* 55 F.3d at 879.  The party moving to transfer a case on grounds of inconvenience has the burden of showing that the existing forum is inconvenient. *Britamco Underwriters v. Raymond E. Wallace Productions, Inc.,* 56 F.Supp.2d 542, 545 (E.D.Pa. 1999).

4

**B.     While This Action Could Have Been Brought In Oklahoma, A Transfer Would Not Be In The Interests Of Justice Or For The Convenience Of Witnesses And Parties**

Addressing the first question whether venue would be proper in the transferee district, the law provides that any civil action wherein jurisdiction is not founded solely on the diversity of citizenship may be brought in a district in which a defendant resides, in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a defendant may be found (if no other venue is proper). 28 U.S.C. § 1391(b).  Because Defendants are located in the Northern District of Oklahoma, venue might be proper in that district for that reason only.[4]

Assuming *arguendo* that the Court determines that venue might be proper in Oklahoma, proceeding to the next step of the transfer analysis requires a balancing of the interests of justice and the convenience of witnesses and parties.  Factors to be considered in determining whether to transfer venue include (1) the convenience and preference of the parties, including the plaintiff's choice of forum, (2) the convenience of witnesses, (3) access to sources of proof such as books and records, (4) practical considerations that make litigation easy, expeditious or inexpensive, (5) the relative calendar congestion of the two competing districts, (6) where the events at issue took place and the interest of the respective courts in deciding local controversies (7) the enforceability of any judgment and (8) the familiarity of the trial judge with the applicable law.  *Jumara,* 55 F.3d at 879-880.

---

[4]     Defendants also contend that the background reports at issue were generated out of their Oklahoma offices.  However, the reports were provided to Plaintiff in this district and sent to him at his home address.  The reports were supposedly based on information from the Pennsylvania court system, also located in this district.  From the Plaintiff's experience and perspective, the substance of the events giving rise to his claims occurred in Philadelphia.

### 1.     The Convenience of Parties and Plaintiff's Choice of Forum

The plaintiff's choice of forum is a paramount consideration that should not lightly be disturbed. *See First Union National Bank v. United States,* 55 F.Supp.2d 331, 332 (E.D. Pa. 1999), *quoting Sovereign Bank, F.S.B. v. Rochester Community Savings Bank,* 907 F.Supp. 123, 126 (E.D. Pa.1995) (denying motion to transfer even though plaintiff filed in a district which was not his home nor the site of events in contention). Moreover, unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970).

This is especially so in an action such as this, where Congress has made particularized findings about the importance of the consumer protection statute[5] and provided plaintiffs a role as "private attorneys general" to carry out important consumer imperatives with litigation. Thus, even in cases with forum selection clauses (not present here), courts have denied transfers because of the public policy implications of enforcing the law. *Red Bull Associates v. Best Western Intern., Inc*., 862 F.2d 963, 967 (2d Cir. 1988) (implementing forum selection clause would frustrate strong federal public policy favoring enforcement of civil rights laws important to advancement of modern society).

Defendants have failed to show that the balance of convenience of the parties is strongly in their favor. It matters little that this is a class action. Certainly, such a case could have been filed elsewhere, but Mr. Smith chose to file in his home district.

Mr. Smith, like every member of the class, did nothing to initiate a transaction with Defendants. He simply applied for a job with a prospective employer. The next he knows, he is

---

[5] *See* 15 U.S.C. § 1681, Congressional Findings and Statement of Purpose. "The Congress makes the following findings: … (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3), (4).

6

the subject of a flawed and inaccurate background report. So, his claims arose in Philadelphia, he resides here, he applied for employment from here, Defendants' background reports were sent to him here and it was here that he was informed of the unsuccessful results of his employment applications. The same pattern occurred across the country with the members of the class. No one went to the Defendants and asked for a background report on themselves; they were all simply passive victims of Defendants' illegal practices. Under these circumstances, Defendants' preference for their home state forum is entitled to no weight.

Mr. Smith's role in the litigation is expected to be active and he has a significant stake in the outcome of the litigation, not only for himself but also to achieve a benefit for thousands of other job applicants who have been victimized by Defendants' shoddy practices and inaccurate reporting. As this Court ruled in *Ayling*, where a class representative's role "may be more than nominal, … the 'convenience of parties' factor favors denying the transfer." *Ayling*, 1999 WL 994403 at * 3.

The facts of this case distinguish it greatly from the cases relied upon by Defendants. This is not a case, like *Ayling*, where there existed ongoing, identical class litigation pending in the transferee district and the judge in that district was already familiar with the factual and legal issues. *Ayling*, 1999 WL 994403 at *4. Nor is this a case like *KAB Enterprise Co. v. Ursich Electric Products, Inc*., 2007 WL 1118308 (E.D. Pa. April 13, 2007) (Buckwalter, J.), where the plaintiff was a foreign corporation and sued a defendant with a principal place of business in Illinois. This Court granted transfer to Illinois in part because a plaintiff's choice of a forum other than his state of residence is given less weight. 2007 WL 1118308 at * 2. And this case is not like *Coppola v. Ferrellgas, Inc*., 250 F.R.D. 195, 198-99 (E.D. Pa. 2008) (Buckwalter, J.), where this Court found plaintiffs' choice of venue carried little weight, and transferred the case

to a New Jersey venue thirty-two miles away (and which was in fact five miles closer for one of the plaintiffs than the Philadelphia courthouse), where the plaintiffs were residents of Pennsylvania but *all* operative facts, *i.e.*, a propane gas cylinder explosion, occurred in Princeton, New Jersey.

In an analogous line of cases, courts have denied businesses' attempts to compel arbitrations against consumers to go forward in foreign states. In *Patterson v. ITT Consumer Fin. Corp.,* 18 Cal.Rptr.2d 563 (Cal.Ct.App. 1993), the court held that it was patently unconscionable to make California residents of limited means arbitrate in Minnesota where the services contemplated in a contract were to be performed in California. Here Defendants cannot even point to a contract, or a forum selection clause, between them and the consumer class membership. That Defendants can seriously impact the lives of consumers with the reports they sell about the consumers in the states where they reside, but at the same time insist that any challenges to the reports be brought in a foreign forum, borders on the preposterous.

Defendants offer no reason why the membership of the class would be better off litigating in Oklahoma as opposed to Pennsylvania. It is likely that the overwhelming majority of class members do not reside in either forum. As such, the convenience of the parties factor does not tilt decisively in favor of transfer to Oklahoma. *Rosen v. Fidelity Fixed Income Trust*, 1995 WL 560037, *3 (E.D. Pa. Sept. 20, 1995).

### 2. The Convenience of the Witnesses

The convenience of material witnesses factor is a significant one. *Coppola*, 250 F.R.D. at 199. But as this Court has pointed out, it depends on the type of witness – there are many types and each one carries a different weight. "[F]act witnesses who possess firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of

8

convenience' analysis." *Id*., quoting *Affymetrix, Inc. v. Synteni, Inc*., 28 F.Supp.2d 192, 203 (D. Del. 1998). "Party witnesses or witnesses who are employed by a party, on the other hand, have little impact on the 'balance of convenience' analysis since each party is obligated to procure the attendance of its own employees for trial." *Id*.

Here, the Defendants focus their argument solely on the purported convenience of their own employee witnesses, which is entitled to little weight. At most, they offer a conclusory averment that certain of their witnesses[6] would be inconvenienced because Tulsa is more than a thousand miles from Philadelphia, Def. Mem. at 8.

Defendants do not disclose their significant connections with Pennsylvania in their Motion. But at their website,[7] they make the following statement: "USIS has two training processes and the volume of work in the local assigned area will determine which process will be used. All selected applicants will attend new Investigator classroom training at our Grove City Operations Center in Pennsylvania, in addition to on the job training in the local assigned area." Because training of employees will be an integral part of discovery in this case, the location of the Defendants' training center in Pennsylvania is an important element for this Court to consider.

Defendants offer no real evidence that it would be burdensome to produce witnesses in this District (none of their attached affidavits make that claim). In that same circumstance, this Court held that convenience of witnesses was not a factor. *KAB Enterprise Co*., 2007 WL 1118308 at *3.

---

[6] Defendants' description of their possible witnesses is confusing and contradictory. They assert that they have an affiliate and employees at a facility in western Pennsylvania. Def. Mem. at 9; Harpe Affidavit, ¶ 7. At the same time, they profess to have no knowledge of any offices or employees in Pennsylvania. Forman Affidavit, ¶ 10.

[7] *See* http://tbe.taleo.net/NA5/ats/careers/requisition.jsp?org=HIRERIGHT&cws=5&rid=1045.

9

Further, Defendants ignore the litigation reality that there are a number of ways in which inconvenience to the defense witnesses can be minimized. To the extent it might be an overwhelming inconvenience to produce defense witnesses for depositions in Philadelphia, this could be ameliorated through the use of video/telephone depositions. Alternatively, Plaintiff's counsel could travel to the location of the witnesses to take the depositions.[8]

Defendants focus only on their own witnesses. They conveniently ignore that, in addition to Mr. Smith, there may be local non-party witnesses in the case, such as personnel from the Philadelphia court system and the Administrative Office of Pennsylvania Courts, which maintains the database that Defendants regularly use in connection with the background reports they produce and sell.

Because the parties may call witnesses that are located in both Pennsylvania and Oklahoma, this factor does not favor transfer. *Boyd v. Snyder*, 44 F.Supp.2d 966, 972 (N.D. Ill. 1999).

### 3. The Location of Books and Records

Defendants contend that the bulk of relevant documents are stored in Oklahoma, but courts have recognized that the weight of this factor has been significantly reduced by recent technological advances. *Lomanno v. Black*, 285 F.Supp.2d 637, 647 (E.D. Pa. 2003). "When documents can be transported and/or easily photocopied, their location is entitled to little weight." *In re Laidlaw Securities Litigation,* 1991 WL 170837 at * 2 (E.D. Pa. Aug. 27, 1991). *See also Howell v. Shaw Industries,* 1993 WL 387901, *4 (E.D. Pa. Oct. 1, 1993); *Blanning v. Tisch,* 378 F. Supp. 1058, 1061 (E.D. Pa. 1974).

---

[8] Almost all the witnesses described by Defendants are in a single location, Tulsa. Def. Mem. at 8-9. Others may be located in western Pennsylvania, only 357 miles from Philadelphia. *Id*. at 9, n. 5. And others may be located at the Defendants' training center in Grove City, Pennsylvania, approximately 350 miles from Philadelphia. *See* note 7, *supra*.

10

Significantly, in none of the three affidavits submitted by Defendants is it contended that the relevant documents are so voluminous that reviewing, photocopying, and transporting them would cause hardship to their business operations. Nor do Defendants contend that the information, much of which is acquired and stored electronically (Forman Affidavit, ¶¶ 6-7; Harpe Affidavit, ¶¶ 4-5, 7-10; LaChapell Affidavit, ¶ 5), could not be transmitted electronically to class counsel. Should Defendants produce persuasive evidence of overwhelming burdensomeness or inconvenience with respect to production of documents, Plaintiff is willing to consider the review and copying of documents in Oklahoma.

### 4. Practical Considerations

Defendants speculate that transfer would create judicial efficiency at trial, but in support, they offer only the same argument that the Oklahoma forum is more convenient for some of their witnesses. Def. Mem. at 11. As discussed above, however, the convenience of a defendant's employee witnesses is entitled to little weight. Plus, Defendants fail to consider that Plaintiff may have Philadelphia area, non-party fact witnesses, whose convenience is more paramount. *Coppola*, 250 F.R.D. at 199.

Defendants offer no other factual support for meeting the practical considerations test. In contrast to *Ayling*, for example, there is no pending case in the transferee district which is further advanced. The instant case, and the related *Henderson* case before this Court at C.A. No. 10-459, are to Plaintiff's knowledge the only pending cases against these Defendants raising these FCRA claims. Defendants have not carried their burden to show efficiency, expeditiousness or savings of expense that would result from the proposed transfer.

### 5.    The Relative Calendar Congestion of the Districts

On an earlier occasion to consider this factor, this Court has held that the relative congestion of the respective courts dockets is not a factor of great importance. *Ayling*, 1999 WL 994403 at *5, relying on *Kisko v. Penn. Cent. Trans. Co.*, 408 F.Supp. 984 (M.D. Pa. 1976).

While the statistics attached to Defendants' brief indicate that the Eastern District of Pennsylvania has the higher caseload, that is not the determinative issue. What is more telling is that the median time from filing to disposition in the two districts is not materially different, only 3.6 months longer in the Eastern District of Pennsylvania. Def. Mem., Ex. E.

An additional consideration is this Court's previous experience with FCRA cases. In addition to the Court's recent delving into the FCRA issues in this case, Doc. 21, the Court has also handled at least one other FCRA case. *See Jones v. Select Portfolio Servicing, Inc.*, 2008 WL 1820935 (E.D. Pa. Apr. 22, 2008) (Buckwalter, J.). In multi-district litigation for example, a judge's familiarity with the subject matter of a case is a factor in choosing where to transfer litigation. *See In re Train Derailment Near Tyrone, Okl., On April 21, 2005*, 545 F. Supp. 2d 1373, 1374 (J.P.M.L. 2008) (finding judge's familiarity with litigation a persuasive factor in choosing jurisdiction for consolidation). There is no reason the same considerations should not be applied in deciding whether to transfer a case.

Therefore, the relative congestion of the two district's respective calendars does not favor transfer.

### IV.    CONCLUSION

Defendants' activities are not confined to Oklahoma. Their business model is premised on searching databases, compiling background reports and selling those reports on a nationwide basis. Yet, while Defendants actively seek to have a nationwide impact, when their faulty

12

practices are challenged by the consumers that they affect, Defendants assert that their own personal convenience is paramount and demand that the challenges be transferred to their door step. But this is not a local controversy, and Oklahoma has no local interest in the case. Instead, in the general interests of the public and in the interests of justice, this case should proceed in the Eastern District of Pennsylvania, where it was originally filed.

    For all the foregoing reasons, Plaintiff Bahir Smith respectfully requests that the Court deny the Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404.

Dated: May 14, 2010

Respectfully submitted,

**COMMUNITY LEGAL SERVICES, INC.**
Sharon M. Dietrich
Janet Ginzberg
1424 Chestnut Street
Philadelphia, PA  19102
215-981-3700

**DONOVAN SEARLES, LLC**

By:   *s/ David A. Searles*
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

13